### HATZEL v. MOORE.

(Circuit Court, S. D. New York. October 28, 1903.)

1. BILLS AND NOTES—TRANSFER—BONA FIDE PURCHASER—PAYMENT—ANSWER.
   In an action on certain notes, an answer alleging that the notes were not to be paid except from the profits of the theatrical venture of which plaintiff and his predecessors in title had notice, and that there were no profits accruing from such venture, stated a good defense to the notes.

2. SAME—DEMURRER.
   Where an answer in a suit on certain notes alleged that the notes were to be payable only out of the profits of a venture, and that no profits had accrued, an objection that such agreement was verbal, and could not be proved to defeat the notes, could not be considered on demurrer to the answer.

See 120 Fed. 1015.

Henry F. Lippold, for plaintiff.

Edward L. Blackman, for defendant.

WALLACE, Circuit Judge. The answers demurred to do not allege the diversion by Whitney of accommodation notes delivered to him by the defendant, but allege that the notes in suit are a part of a larger number of notes given by defendant to Whitney for the purchase price of an interest in a certain venture, and that as part of the contract of purchase Whitney agreed to accept the notes of the defendant, and apply a certain number of them to the payment of an indebtedness owing by Whitney to third parties, and retain in his hands all of the notes not so used, and apply defendant's share of the profits of the venture to the payment thereof. It is not alleged that Whitney failed to apply the requisite number of the notes to the payment of the indebtedness owing by him, or that there were any profits arising from the theatrical venture. So far as appears, the notes in suit were properly retained by Whitney, and there has never been any fund realized for their payment. But the answer avers that by the contract the notes were not to be paid in any other way than out of the profits of the venture. If that was the contract, to the extent that the profits were insufficient there has been a failure of consideration. As the answer alleges that the plaintiff and his predecessors in title to the notes had notice of the contract, the

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 1372.

defense would seem to be good. It is urged that the contract was verbal, and cannot be used to defeat the notes without violating the rule of evidence. The court cannot assume that the contract was a verbal one, or undertake to decide a question of pleading upon a rule of evidence which may be waived at the trial.

The demurrer is overruled, without costs.